UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINA RUSSELL, an individual, | |
| Plaintiff, | No. C08-309Z |
| v. | ORDER |
| COMCAST CORP., a foreign corporation, Short Term Disability Plan and Long Term Disability Plan sponsor for the Comcast Short Term Disability Plan and Long Term Disability Plans; et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for reconsideration, docket no. 42, as amended docket no. 43. The Court has reviewed the brief and records filed herein and, being fully advised, now enters the following Order DENYING Plaintiff's motion for reconsideration.

**DISCUSSION**

Motions for reconsideration are disfavored and will be denied absent a showing of manifest error or new facts or legal authority that with reasonable diligence could not have

ORDER - 1

been brought to the Court's attention earlier. CR 7(h)(1). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 Charles A. Wright, et al., *Federal Practice and Procedure* § 4478, at 790).

Plaintiff's motion for reconsideration, filed under Rule 59(e),[1] asserts that the Court committed a manifest error of law or fact for the following reasons: (1) the Court failed to properly find the introduction of a new "example" of missing evidence in its final denial letter in violation of 29 C.F.R. § 2560.503-1(g)(i) & (iii); (2) the Court wholly failed to consider Broadspire's inconsistent reasons for denial; (3) the Court inadequately considered Broadspire's initial referral to a social worker who unlawfully denied benefits; and (4) the Court erroneously applied the "any reasonable basis" standard, originally set forth in Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 875 (9th Cir. 2004), which the Ninth Circuit recently deemed to constitute error in a Memorandum Opinion, Letvinuck v. Aetna Life Ins. Co., No. 07-56594, slip op. at 2 (9th Cir. March 18, 2009). Mot. at 2-3 (docket no. 43). Plaintiff's motion is denied because, for the most part it simply rehashes arguments already made and rejected by the Court, and otherwise fails to establish that the

---

[1] While the Federal Rules of Civil Procedure do not recognize a "motion for reconsideration," a motion so denominated will be treated either as a motion to alter or amend (FRCP 59(e)) or as a motion for relief from judgment (FRCP 60(b)). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). Under which rule the motion falls depends upon the time at which the motion is filed. Lavespere, 910 F.2d at 173. If the motion is filed within ten days of judgment, it is a Rule 59(e) motion and, if it is filed after that time, it is a Rule 60(b) motion. Id. Because Plaintiff filed her motion within ten days of the Court's Order, the Court treats it as a Rule 59(e) motion.

ORDER - 2

Court committed a manifest error of law or fact. Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978).

> **1. The Court considered and rejected Plaintiff's claim that Defendants introduced a new "example" of missing evidence in its final denial letter in violation of 29 C.F.R. § 2560.503-1(g)(i) & (iii).**

The Court discussed and rejected Plaintiff's first reason for reconsideration on pages 15-18 of its Order, docket no. 40. Plaintiff's motion merely reasserts its claim that Broadspire committed a procedural irregularity in violation of 29 C.F.R. § 2560.503-1(g)(i) & (iii), for failing to provide Plaintiff adequate notice of the items necessary to perfect her claim and for providing inconsistent reasons for the denial. Mot. at 4-8. As the Court made clear in its Order, the instant case is distinguishable from Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 974 (9th Cir. 2006), because Broadspire's final denial letter did not "tack on" an entirely new reason for denial, but rather gave examples of the type of objective data Plaintiff failed to provide. Order at 17-18 (docket no. 40). Moreover, the Court's Order also clarified that the instant case is distinguishable from Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863 (9th Cir. 2008). In Saffon, the court found an administrator's denial letter insufficient because, after receiving objective medical data in the form of MRI results, the letter once more requested "objective medical information" and did not explain why the MRI data already provided was insufficient. Id. at 870. Unlike Saffon, Plaintiff in the instant case had not provided any recent objective data; thus, Broadspire's request for additional objective information was reasonable.

### 2. The Court considered and rejected Plaintiff's claim that Broadspire cited inconsistent reasons for denial.

The Court also discussed and rejected Plaintiff's second reason for reconsideration on pages 17-18 & 21-22 of its Order, docket no. 40. Plaintiff phrases her argument somewhat differently in her motion for reconsideration, labeling it a "course of dealing" issue, in which Defendants conducted a "180-degree about-face in construing and applying written Plan instruments defining 'clinical medical data.'" Mot. at 8. Nevertheless, the argument is essentially the same as that set forth in her motion for summary judgment, docket no. 19. Plaintiff argues that Defendants' reasons for denying Plaintiff's claims were inconsistent with both Defendants' reasons to renew benefits and Defendants' decision to initially deny those benefits. Instead of focusing on the inconsistencies between the initial and final denial letters, however, Plaintiff's motion for reconsideration instead focuses primarily on the inconsistencies between Defendants' initial renewal of benefits and its later rationale cited in its final denial letter. Id. at 8-12. Plaintiff refers to this generally as a "course of dealing" issue. With respect to the initial and final denial letter inconsistency, the Court directly addressed this argument on pages 17-18 of its Order. With respect to the "course of dealing" issue, the Court addressed it on pages 21-22 of its Order when it held (1) that Dr. Mendelssohn's report demonstrated that she "weighed the evidence for and against" disability, and (2) that Broadspire reasonably relied on that report. Order at 21-22 (docket no. 40).

ORDER - 4

**3. The Court considered and rejected Plaintiff's claim that Broadspire initially referred her benefit decision to a social worker who unlawfully denied benefits.**

The Court also discussed Plaintiff's third reason for reconsideration on page 20 n.12 of its Order, docket no. 40. Plaintiff argues that the Court deemed Broadspire's initial referral to a clinical social worker as wholly irrelevant. Yet, Plaintiff mischaracterizes the Court's treatment of this issue. The Court deemed irrelevant only Plaintiff's "allegation that Broadspire *relied* on [social worker] Jen's recommendation for the initial denial." Order at 20 n.12 (docket no. 40). The Court did not, however, deem the whole issue irrelevant. Rather, as the Court goes on to explain, there was no evidence to support Plaintiff's contention that Broadspire's final determination rested solely on the social worker's evaluation. Consequently, the Court acknowledged Plaintiff's argument, "heeding the Abatie directive to consider 'all the facts and circumstances,'" Mot. at 3 (citing Abatie v. Alta Health, 458 F.3d at 968), but dismissed the argument as "unsubstantiated by the Record." Order at 12 n.20 (docket no. 40).

**4. The Court cited the "any reasonable basis" standard, originally set forth in Jordan, but citation to that standard did not constitute manifest error of law.**

Plaintiff's final argument is based largely on a recent Ninth Circuit Memorandum Opinion issued eight days following the Court's Order, Letvinuck v. Aetna Life Ins. Co., No. 07-56594, slip op. (9th Cir. March 18, 2009). The Memorandum Opinion does not change the Court's decision in the instant case and, therefore, does not constitute manifest error.

In Letvinuck, the Ninth Circuit stated that the district court's mere reference to Jordan "itself, was not erroneous." Letvinuck, No. 07-56594, slip op. at 2. Nevertheless, the Ninth

ORDER - 5

Circuit vacated and remanded the district court's decision because it was error for the district court to state that it was "*required* to uphold [the administrator's] decision if there was 'any reasonable basis' for it.'" Letvinuck, No. 07-56594, slip op. at 2 (citing Jordan, 370 F.3d at 875) (emphasis added). This Court's Order likewise cited the "any reasonable basis" language from Jordan. See Order at 7, 20-21 (docket no. 40). Unlike the Letvinuck decision, however, the Court's first citation to Jordan was in the Court's standard of review section and referred to the application of that standard in cases in which no conflict of interest existed. Order at 7 (docket no. 40). Such a reference to the "any reasonable basis" standard is not error under Abatie.[2]

The Court's second reference to Jordan was in its analysis of Defendants' discretion. Order at 20-21 (docket no. 40). Despite referring to the "reasonable basis" language, the Court further explained that whether there was an abuse of discretion depended on whether Broadspire's decision-making conduct satisfied the three-prong test set forth in Boyd v. Bert

---

[2] While the Ninth Circuit states in its Memorandum Opinion that it "expressly rejected [Jordan's 'any reasonable basis'] standard in Abatie," Letvinuck, No. 07-56594, slip op. at 2 (citing Jordan, 370 F.3d at 875), the Abatie decision does not reject that standard in all cases. The Abatie court explained its rejection as follows:

> Under Atwood, we would consider the influence of the plan administrator's conflict only if the plaintiff brought forth evidence of a "serious conflict of interest," triggering de novo review. Gatti v. Reliance Standard Life Ins. Co, 415 F.3d 978, 985 (9th Cir. 2005) (as amended). If the plaintiff could not make that threshold showing, we would uphold an administrator's decision so long as it was "grounded on *any* reasonable basis." Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 875 (9th Cir. 2004) (internal quotation marks omitted). Going forward, plaintiffs will have the benefit of an abuse of discretion review that always considers the inherent conflict when a plan administrator is also the fiduciary, even in the absence of 'smoking gun' evidence of conflict.

Abatie, 458 F.3d at 969. In sum, under Abatie, the Jordan standard no longer applies when there is evidence of a conflict of interest, no matter how insignificant that evidence and/or conflict may be. The Abatie decision also suggests, however, that the "any reasonable basis" standard may still apply in cases in which there is no evidence of a conflict of interest. Therefore, the Court did not err by citing the Jordan standard prior to discussing any potential conflicts of interest. Order at 7 (docket no. 40).

Bell/Pete Rozelle NFL Players Retirement Plan, 410 F.3d 1173, 1178 (9th Cir. 2005). Order at 20-21 (docket no. 40). The Court then assessed Broadspire's conduct under that three-prong test and held that Broadspire's decision was reasonable with respect to all three factors. Id. at 20-22. In short, while the Court cited to the Jordan standard (see id. at 20-21), the Court's inquiry and ultimate conclusion was rendered considering the totality of the circumstances and as a result of the Boyd test, not the Jordan "any reasonable basis" standard. See generally id. at 19-22. It was not the Court's intent to apply the "any reasonable basis" standard in this case. To the extent that the Court referred to the Defendants' decisions as "reasonable" or "reasonably based" on the evidence, what the Court intended to convey was that such decisions were not arbitrary and were owed considerable "credit." See Abatie, 458 F.3d at 968 (explaining that "[a] district court, when faced with all the facts and circumstances, must decide in each case how much or how little to credit the plan administrator's reason for denying insurance coverage").

In sum, the Court heeded the Abatie directive by reviewing Broadspire's decision under an abuse of discretion standard that was tempered by a low degree of skepticism. Order at 19 (docket no. 40). Consistent with Abatie, the Court recognized the potential conflicts of interest and procedural irregularities at issue in the instant case. Abatie, 458 F.3d at 969 (explaining that "[g]oing forward, plaintiffs will have the benefit of an abuse of discretion review that always considers the inherent conflict"). Finally, the Court considered the totality of the circumstances and applied them to the factors set forth in Boyd, ultimately holding that Defendants' decision was reasonable, was not arbitrary and capricious, and was owed considerable credit under Abatie. See Order at 19-22 (docket no. 40).

ORDER - 7

**CONCLUSION**

Because Plaintiff has not established that the Court committed manifest error of law or fact in its Order, docket no. 40, the Court DENIES Plaintiff's motion for reconsideration, docket no. 42, as amended, docket no. 43.

IT IS SO ORDERED.

DATED this 13th day of April, 2009.

Thomas S. Zilly
United States District Judge